IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Board of Regents, The University of Texas System, and 3D Systems, Inc. | § § § | |
| Plaintiffs | § § | |
| v. | § | Civil Action No. A03 CA 113 SS |
| | § § | |
| EOS GmbH Electro Optical Systems | § § | |
| Defendant | § | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'
SECOND REQUEST FOR JUDICIAL NOTICE**

TO THE HONORABLE SAM SPARKS:

For the reasons stated in open Court on June 24, 2003, Defendant EOS GmbH Electro Optical Systems ("EOS") opposes the Second Request of Plaintiffs The Board of Regents, The University of Texas System ("UT") and 3D Systems, Inc. ("3D Systems") for Judicial Notice pursuant to Fed. R. Evid. 201 of two uncertified documents purporting to be decisions of foreign courts relating to foreign counterparts of the patents-in-suit. This Court should not take "judicial notice" of the documents because: (1) they lack necessary foundation and authentication, (2) they deal with issues decided under the laws of foreign countries, and (3) on a motion to dismiss the Court must take EOS's allegations as true, and these documents outside of the pleadings are submitted to dispute facts.

Pending before this Court in this matter is Plaintiffs' Motion to Dismiss the Antitrust Counterclaims. In support of their reply memorandum, a second request for judicial notice with

50

alleged copies of decisions from an Italian and French court with alleged translations thereof were submitted. The copies of the alleged decisions and the translations were not certified.

### I. Fed. R. Evid. 201 Does Not Support Plaintiff's Request

Rule of Evidence 201 allows courts to take judicial notice of an adjudicative *fact* that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)-(b). An uncertified decision of a foreign (non-U.S.) court is not "generally known within the territorial jurisdiction" of this Court. The attached documents are further incapable of accurate and ready determination by resort to any sources that cannot reasonably be questioned. First, Plaintiffs have provided no such sources to determine the accuracy of the documents. Second, the documents, which purport to be decisions of foreign courts in Italy and France and translations thereof, are not certified. *See Crescent Towing & Salvage Co. v. M/V Anax*, 40 F.3d 741, 745 (5th Cir. 1994) (holding that uncertified copies of documents from foreign court were insufficient to "establish and require an American court to recognize the jurisdiction and judgment of the [foreign] court as a matter of law"). Thus, the decisions and the translation are not capable of accurate and ready determination by resort to the documents themselves or any other source.

### II. Uncertified Decisions Rendered Under Foreign Countries' Laws Should Not Be Judicially Noticed

Plaintiffs do not explain how uncertified copies of decisions from foreign countries applying the respective countries' laws are susceptible to judicial notice as adjudicative facts under Fed. R. Evid. 201. A foreign court's decision is not entitled to full faith and credit in the United States. *See* U.S. Const. Art. IV, § 1.

### III. The Court Must Take EOS's Allegations in the Pleadings as True and Plaintiffs May Not Argue Extraneous Facts

When considering a motion to dismiss, the Court must accept as true all well-pleaded facts in EOS's counterclaim, which must be liberally construed in favor of EOS. *Electronic Data Sys. Corp. v. Computer Assoc. Int'l, Inc.*, 802 F. Supp. 1463, 1465 (N.D. Tex. 1992) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1962)). Plaintiffs are attempting to circumvent the presumptions in EOS's favor by dangling the foreign courts' "decisions" in front of this Court in the hope that this Court draws an inference adverse to EOS. Plaintiffs' collateral attack on EOS's pleadings is simply not permitted on a motion to dismiss. Thus, the Court should not take judicial notice of extraneous "facts" that do not nullify the EOS's pleaded factual allegations.

Moreover, the Court has no context for these "decisions." No foundation has been laid as to where in these proceedings the "decisions" were rendered, whether they were final, whether they were appealed, whether they were later overruled, whether they are at all even relevant. There is simply nothing here worthy of taking notice of on this record.

### IV. Plaintiffs Cite No Authority that Supports Taking Judicial Notice of the Foreign Courts' Decisions

The cases upon which Plaintiffs rely do not support the proposition that this Court may take judicial notice of uncertified copies of foreign courts' decisions. Plaintiffs cite to case law only for the proposition that "Rule 201 authorizes courts to take judicial notice of pleadings filed in another jurisdiction." (Plaintiffs' 2d Request, at p. 1.) Plaintiffs are not requesting judicial notice of *pleadings*—they are requesting judicial notice of alleged *decisions*. As such, Plaintiffs' cases are inapposite. *See St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169 (10th Cir. 1979) (on appeal from grant of summary judgment, the court held that it was not

error for trial court to consider a sheriff's deed at issue in an earlier litigation directly related to the case at bar that was not presented in the second action); *Chandler v. O'Bryan*, 311 F. Supp. 1121 (W.D. Okla. 1969)[1] (on motion for summary judgment, court took judicial notice of its own files and of the records and proceedings in cases related to and leading to the case at bar to determine whether an issue of fact existed); *Randy's Studebaker Sales, Inc. v. Nissan Motor Corp.*, 533 F.2d 510 (10th Cir. 1976) (court may take judicial notice of its own records); *Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) ("A court may take judicial notice of its own records").

For the foregoing reasons, EOS respectfully requests that this Court deny Plaintiffs' second request for judicial notice, and for other relief to which it may show itself entitled.

Respectfully submitted,

HILGERS & WATKINS, P.C.
1300 San Jacinto Center
98 San Jacinto Boulevard
P.O. Box 2063
Austin, Texas 78768-2063
(512) 476-4716
(512) 476-5139 (Telecopier)

By: _____
THOMAS H. WATKINS
State Bar No. 20928000
ALBERT A. CARRION, JR.
State Bar No. 03883100

---

[1] The judgment in this case was reversed by the Tenth Circuit in *Chandler v. O'Bryan*, 445 F.2d 1045 (10th Cir. 1969).

MICHAEL H. BANIAK
MICHAEL D. GANNON
BANIAK PINE & GANNON
150 N. Wacker Drive, Suite 1200
Chicago, Illinois 60606
(312) 673-0360
(312) 673-0361 (Telecopier)

ATTORNEYS FOR DEFENDANT
EOS GMBH ELECTRO OPTICAL SYSTEMS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was provided to counsel of record by the method indicted below on this the 1st day of July 2003:

| | |
|---|---|
| Thomas R. Jackson<br>JONES DAY<br>2727 North Harwood St.<br>P.O. Box 660623<br>Dallas, Texas 75266 | *via facsimile* |
| Philip E. Cook<br>Robert W. Dickerson<br>JONES DAY<br>555 W. Fifth Street, Suite 4600<br>Los Angeles, California 90013-1025 | *via facsimile* |
| Alan D. Albright<br>Elizabeth J. Brown Fore<br>GRAY CARY WARE & FREIDENRICH, LLP<br>1221 South Mopac Expressway, Suite 400<br>Austin, Texas 78746-6875 | *via facsimile* |

_____
ALBERT A. CARRION, JR.