IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BOARD OF REGENTS, THE UNIVERSITY OF
TEXAS SYSTEM, and 3D SYSTEMS, INC.,
Plaintiffs,

-vs-

Case No. A-03-CA-113-SS

EOS GmbH ELECTRO OPTICAL SYSTEMS,
Defendant.

### ORDER

BE IT REMEMBERED on the 23rd day of September 2003 the Court called the above-styled cause for hearing, and the parties appeared through counsel of record. Before the Court are the Counterclaim Defendants' Motion to Strike Allegations in Amended Counterclaim Count V and to Dismiss Amended Counterclaim Count V [#58], and the Defendant's Opposition to Plaintiff's Motion to Strike Allegations in and to Dismiss Defendant's Amended Antitrust Counterclaim (Count V) [#71]; and the Counterclaim Defendants' Reply in Support of Motion to Strike or to Dismiss Count V [#76]. Having considered the motions, responses and replies, the arguments of counsel at the hearing, the case file as a whole and the applicable law, the Court enters the following opinion and orders.

### Background

The Plaintiffs in this case, the Board of Regents of The University of Texas System ("UT") and 3D Systems, Inc. ("3D") sue EOS GmbH Electro Optical Systems ("EOS"), a German entity, for infringement of United States Patent Numbers 5,639,070 and 5,597,589, which are owned by UT



and licensed exclusively to 3D. *See* Complaint at ¶¶ 3, 8, 9, 13 & 14. The patents-in-suit relate to laser sintering technology, a manufacturing technique that uses a computer-controlled laser to build physical parts from a computer design by melting layers of powder. *See* Plaintiffs' Concise Statement of Alleged Infringement [#46] at 2. According to the Plaintiffs, DTM Corporation ("DTM"), an Austin-based corporation, introduced the first laser sintering machines in the early 1990s as UT's exclusive patent licensee. *Id.*

3D acquired DTM by merger on August 31, 2001. *See* Counterclaim at ¶ 4. After 3D and DTM entered into an agreement and plan of merger in April 2001, the Department of Justice filed a complaint challenging the merger under antitrust law in the United States District Court for the District of Columbia on June 6, 2001. *Id.* at ¶¶ 34, 41. The parties reached a settlement whereby the Justice Department allowed the merger to go forward and 3D and DTM agreed to license a third party to develop, manufacture and sell products using their rapid prototyping technology. *See* Fore Decl. [#19], Ex. C. After the Justice Department received and responded to comments on the settlement, the District Court entered the final judgment on August 16, 2001. *Id.*, Ex. A.

EOS asserts counterclaims against 3D for breach of the parties' settlement agreement and license agreement, legal and equitable estoppel, specific performance under the settlement and license agreements and breach of fiduciary duty. Additionally, it raises two antitrust counterclaims. In Count V, EOS contends the 3D-DTM merger eliminated competition in the laser sintering field, and 3D and UT's conspiring to eliminate competition violated sections 1 and 2 of the Sherman Act and section 7 of the Clayton Act. In Count VI, EOS alleges 3D and UT are unlawfully maintaining their monopoly power by enforcing patents they know to be invalid. Finally, EOS seeks a declaratory judgment that the patents are invalid and it is not infringing them.

On July 2, 2003, the Court granted the Plaintiffs' Motion to Dismiss the Antitrust Counterclaims for Failure to State a Claim [#17] as to Count VI of the Counterclaim and Count V against the University of Texas, and denied the Plaintiffs' Motion to Dismiss the Antitrust Counterclaims for Failure to State a Claim [#17] as to Count V against 3D. The Court permitted EOS to replead its allegations of antitrust injury and relevant market in Count V. EOS filed its amended counterclaims on July 17, 2003. Plaintiff 3D now moves to strike Paragraphs 40(e)(1)-(3), 44, and the last Sentence of Paragraph 46 of Count V in the Amended Counterclaims asserted by EOS. 3D alternatively moves to dismiss the Amended Antitrust Claim under Rule 12(b)(6).

## Analysis

### I.   Motion to Strike

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Paragraphs 40(e)(1)-(3), 44, and the last Sentence of Paragraph 46 of Count V in the Amended Counterclaims are obviously not in conformance with Rule 12(f) of the Federal Rules of Civil Procedure and contain many statements of allegations which are immaterial. The Court's July 2, 2003 Order stated that "[m]ost of the injuries EOS describes are not appropriate antitrust injuries." *See* Order of July 2, 2003, at 9. Specifically, the Court ruled that EOS's initial allegations regarding higher prices customers have been forced to pay, EOS's lost bid to become 3D's licensee as a result of the Justice Department consent decree, and EOS's expenditure of resources to break into the U.S. market for RP systems do not constitute antitrust injury. Yet, these three allegations impudently remain in EOS's amended Count V with only slight modification, and therefore, are stricken. *See* Amended Counterclaim at ¶¶ 40(e)(1)-(2), 44, and 46 (last sentence). EOS's new allegation

regarding a grand jury investigation piqued the Court's interest, although the Court could not give it much thought given its immaterial and perhaps scandalous nature. *Id.* at ¶ 40(e)(3). Accordingly, Counterclaim Defendants' Motion to Strike Allegations in Amended Counterclaim Count V is GRANTED.

**II.   Motion to Dismiss**

Plaintiff's alternative motion to dismiss the Amended Antitrust Claim has already been addressed by the Court in it July 2nd Order, in which the Court ruled that EOS has a viable antitrust claim against 3D. Specifically, the Court found that EOS has alleged sufficient facts to state a claim under Section 2 of the Sherman Act. Therefore, Counterclaim Defendants' Motion to Dismiss Amended Counterclaim Count V is DENIED.

In accordance with the foregoing:

IT IS ORDERED that the Counterclaim Defendants' Motion to Strike Allegations in Amended Counterclaim Count V and to Dismiss Amended Counterclaim Count V [#58] is GRANTED IN PART and DENIED IN PART, as follows:

1. Counterclaim Defendants' Motion to Strike Allegations in Amended Counterclaim Count V is GRANTED and ¶¶ 40(e)(1)-(2), 44, and 46 (last sentence) are STRICKEN; and

2. Counterclaim Defendants' Motion to Dismiss Amended Counterclaim Count V is DENIED.

SIGNED this the _16th_ day of October 2003.

*/s/ Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE