IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Board of Regents, The University of Texas System, and 3D Systems, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> EOS GmbH Electro Optical Systems, <br><br> Defendant. | Civil Action No. A03 CA 113 SS |

**EOS's MOTION FOR PROTECTIVE ORDER LIMITING THE SCOPE OF THE DEPOSITION OF ALLAN LIGHTMAN, Ph.D.**

EOS seeks a Protective Order limiting the scope of Dr. Lightman's deposition to (1) any previous relationship he has had with 3D and (2) the sole issue he presented through his declaration accompanying EOS's Opening Markman Brief, submitted 27 October 2003 (which was whether "below the sintering temperature," as the term is used in the two patents-in-suit, is susceptible to claim construction by the Court at the Markman Hearing). Because 3D's deposition notice is unrestricted in scope, EOS seeks to prevent 3D from expanding the scope of the deposition to topics unrelated to the limited topic of his Declaration.

3D's Brief asserts, at page 1, that "Dr. Lightman has a conflict acting as a testifying expert on behalf of defendant EOS in this litigation." Dr. Lightman has no such conflict. The deposition 3D insists on taking will reveal what 3D already knows: (1) Dr. Lightman was not 3D's expert in the California litigation; he was solicited by 3D, but was *never used or told anything*[1]; and (2) Dr. Lightman received no confidential information from DTM in the Midwest litigation, where he was a designated testifying expert several years ago (involving different patents). Even if Dr. Lightman had received confidential information from DTM in the earlier

---

[1] This apparently was a stratagem by 3D to try and "poison" the pool of potential experts EOS might use.

Midwest case, it would be subject to the Protective Order in this case, which Dr. Lightman has executed. As a designated testifying expert in that case, there is no privilege or work product concerning his communication with former DTM counsel.

3D manufactured the need for expedited relief. 3D personnel, including Dr. Erwin and its expert, Dr. Stucker, know Dr. Lightman on sight, and they talked to him during the Tutorial on October 17, 2003. They knew he was attending the Tutorial for EOS. Yet, over the intervening ten days, there was no suggestion that there would be an issue over Dr. Lightman's involvement in the case as an EOS expert. When Mr. Cook telephoned and asked about the deposition notice he had served for Dr. Lightman, on 30 October, he never suggested that Dr. Lightman's involvement would be in any way improper. 3D never indicated it was considering a motion to compel on any topic[2], let alone an alleged conflict of interest. Thus, the need for expedited consideration was manufactured.

3D did not submit any expert declarations with its Markman briefs, instead making unsubstantiated, extrinsic statements about the technology and its contentions on matters known only to those of ordinary skill in the art. EOS strongly suspects that 3D will do in Texas what it did in California, and show up at the Markman Hearing with experts in tow, ready to testify, without affording EOS an opportunity to prepare cross-examination.

3D's Motion has nothing to do with disqualification and everything to do with distracting EOS and the Court from the Markman issues, while giving 3D the one-sided opportunity for deposition. Wherefore, EOS urges the Court to grant this Motion limiting the scope of the deposition to the topics enumerated on the attached, proposed Order.

---

[2] In its motion, at page 10, 3D asserts that "the parties have conferred and defendant opposes this Motion." This allegation is not present in Mr. Cook's declaration, and the conversation never occurred.

Respectfully submitted,

BROWN MCCARROLL, L.L.P.
1300 San Jacinto Center
98 San Jacinto Boulevard
P.O. Box 2063
Austin, Texas 78768-2063
(512) 476-4716
(512) 476-5139 (Telecopier)

By: _____
THOMAS H. WATKINS
State Bar No. 20928000
ALBERT A. CARRION, JR.
State Bar No. 03883100

MICHAEL H. BANIAK
MICHAEL D. GANNON
CHARLES C. KINNE
ANDREW PRATT
BANIAK PINE & GANNON
150 N. Wacker Drive, Suite 1200
Chicago, Illinois 60606
(312) 673-0360
(312) 673-0361 (Telecopier)

DAVID J. LAING
BAKER & MCKENZIE
815 Connecticut Avenue, NW, Suite 900
Washington, DC 20006
(202) 452-7023
(202) 452-7074 (Telecopier)

ATTORNEYS FOR DEFENDANT
EOS GMBH ELECTRO OPTICAL SYSTEMS

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was provided to counsel of record by the method indicated below on this the 12th day of November 2003:

| | |
|---|---|
| Philip E. Cook<br>Robert W. Dickerson<br>JONES DAY<br>555 W. Fifth Street, Suite 4600<br>Los Angeles, California 90013-1025 | *via Federal Express* |
| Alan D. Albright<br>Elizabeth J. Brown Fore<br>GRAY CARY WARE & FREIDENRICH, LLP<br>1221 South Mopac Expressway, Suite 400<br>Austin, Texas 78746-6875 | *via facsimile* |

_____
ALBERT A. CARRION, JR.