

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Board of Regents, The University of Texas System, and 3D Systems, Inc., | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Civil Action No. A03 CA 113SS |
| EOS GmbH Electro Optical Systems, | | |
| Defendant. | | |

**PLAINTIFF 3D SYSTEMS, INC.'S OPPOSITION TO DEFENDANT EOS GMBH ELECTRO OPTICAL SYSTEMS' MOTION FOR PROTECTIVE ORDER LIMITING THE SCOPE OF THE DEPOSITION OF ALLAN LIGHTMAN, Ph.D.**

Plaintiff 3D Systems, Inc. ("3D Systems") respectfully files this Opposition to Defendant EOS GmbH Electro Optical Systems' ("EOS") Motion for Protective Order Limiting the Scope of the Deposition of Allan Lightman, Ph.D. ("Dr. Lightman").

**I.
INTRODUCTION**

EOS provides no evidentiary support for its Motion for Protective Order, and incorrectly characterizes Dr. Lightman's previous engagements as an expert by 3D Systems and its predecessor DTM Corporation ("DTM"). In addition, because the Court's November 10, 2003 Order, granting 3D Systems' motion to compel Dr. Lightman's deposition (the "Order") has already decided the issues that EOS's Motion addresses, EOS's Motion is little more than a belated opposition or motion for reconsideration of the Order.

Gray Cary\AU\4117532 1
994000-165

Among those subjects that EOS seeks to prevent 3D Systems from asking about at Dr. Lightman's deposition, the most conspicuous is communications between Dr. Lightman and EOS (or its counsel) from the time that the relationship began. In fact, 3D Systems identified this information in its Motion to Compel as one of the two primary bases for taking Dr. Lightman's deposition. Now, however, EOS is attempting to prevent 3D Systems from obtaining this critical information. EOS is clearly concerned about the facts or information 3D Systems will uncover if the Court permits inquiry into this area. But the Court, by granting 3D Systems' motion and ordering that Dr. Lightman produce documents relating to that subject, has already acknowledged 3D Systems' right to ask about the disclosure of confidential information by its former expert when he switched sides and became EOS's expert in this case.[1]

## II.
## DEFENDANT SHOULD NOT BE ENTITLED TO LIMIT THE SCOPE OF PLAINTIFFS' DEPOSITION.

3D Systems is entitled to a deposition of Dr. Lightman that goes beyond the extremely limited scope urged by EOS.

**A.  Because Dr. Lightman is a Testifying Expert, His Conversations with EOS and its Counsel Are Not Privileged and Are Not Confidential.**

EOS is requesting that 3D Systems not be allowed to ask Dr. Lightman any questions beyond the scope of the following two narrow topics: (1) any previous relationship he has had with 3D Systems, and (2) whether "below the sintering

---

[1] Worthy only of footnote mention, EOS's complaint that 3D Systems manufactured the urgency of this matter is belied by the record. 3D Systems sent a Notice of Deposition to Dr. Lightman on October 28, 2003, which was the same day that it received Dr. Lightman's declaration filed in support of EOS's *Markman* Brief. Simply knowing that Dr. Lightman was in the courtroom on EOS's behest did not disclose the nature or extent of his relationship with EOS. Further, counsel's failure to protest when asking EOS's counsel on October 30, 2003, about the deposition that had been noticed is immaterial. The basis for

temperature" is susceptible to claim construction by the Court. This arbitrary limitation on the scope of Dr. Lightman's deposition is unfounded for a testifying expert. *See* FED. R. CIV. P. 26(a)(2)(B) advisory committee's note (stating the "litigants should no longer be able to argue that materials furnished to their experts . . . are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.") Even if this were a "run-of-the-mill" expert deposition, EOS's attempt to circumscribe the questions 3D Systems is entitled to ask Dr. Lightman at this deposition would be unfounded. Rather, as is the case with any deposition of a testifying expert, 3D Systems is entitled to ask about the date Dr. Lightman was retained, what information he has been given by EOS's counsel, what information he may have provided to EOS's counsel that is related to or inconsistent with his expressed opinions, and whether he has done any other work for EOS or its attorneys to demonstrate bias.

Admittedly, the deposition of Dr. Lightman is not an ordinary expert deposition because Dr. Lightman has switched sides as an expert. This fact alone may be relevant to the issues Dr. Lightman may testify about. Given that Dr. Lightman has served as an expert for both parties in this litigation, the information and circumstances that formed the foundation for his expert opinions are critical. EOS's attempt to circumscribe this deposition is inappropriate as this information is both relevant and discoverable for any number of reasons, including to determine the basis for his expert opinions as well as whether information relevant to either this case or to the California case has been improperly disclosed by Dr. Lightman. EOS is clearly concerned about the information

---

seeking Dr. Lightman's deposition was plainly disclosed by the categories of documents being sought in the document request attached to the October 28, 2003 Notice of Deposition.

Gray Cary\AU\4117532.1                              3

994000-165

that will be revealed by Dr. Lightman surrounding the circumstances of his retention and the formulation of his expert opinion at his deposition.

EOS is, at best, disingenuous, when it submits that one of the two topics that EOS would allow 3D Systems to ask Dr. Lightman about is "any previous relationship he has had with 3D Systems." 3D Systems is already aware of many of the details relating to this topic (as EOS's Motion acknowledges). Moreover, 3D Systems has no intention of asking Dr. Lightman about the details surrounding his confidential relationship with 3D Systems in front of EOS and EOS's counsel. Instead, the topics about which 3D Systems is seeking testimony will relate to the subject matter of Dr. Lightman's communications with EOS or its attorneys, including any information he may *have already improperly disclosed*.

### B. The Court Has Already Decided the Issues In EOS's Motion for Protective Order.

Defendant's attempt to limit the scope of Dr. Lightman's deposition is an effort to re-write the Order that has already been entered by the Court. The Court not only ordered Dr. Lightman to appear for deposition, but also ordered that Dr. Lightman produce all of the documents described in 3D Systems' deposition notice. These document requests require the production of documents that are outside the scope of the deposition urged by Defendant. For example, pursuant to the Order, Dr. Lightman has been ordered to produce:

- all documents relating to Dr. Lightman's work as an expert for DTM in the *Midwest* litigation;
- all documents relating to Dr. Lightman's work for DTM or 3D Systems in the California EOS litigation; and

Gray Cary\AU\4117532.1        4
994000-165

> • all documents relating to communications between Dr. Lightman and EOS or any of its representatives or attorneys (and specifically the law firm of Baniak Pine & Gannon, LLC).

See 11/05/2003 Declaration of Philip Cook ("11/05/2003 Cook Decl."), ¶ 12, Ex. A at pp. 6-7, ¶¶ 8-9, 12 (filed in support of 3D Systems' Motion to Compel the Deposition of Expert Allan Lightman, Ph.D."). Clearly, the Court has already considered the issues raised by EOS in this Motion, and the Order contemplates that the scope of this deposition would be much broader than the scope urged by EOS, including those subjects that EOS apparently does not want to come to light.

### III.
### DR. LIGHTMAN HAS A CONFLICT ACTING AS AN EXPERT ON BEHALF OF DEFENDANT

Defendant's description of Dr. Lightman's expert relationship with 3D Systems and its predecessor DTM is incorrect.[2] With respect to the California Litigation, Dr. Lightman was 3D Systems' consulting expert in litigation adverse to EOS in a case that is currently pending. Beginning in March 2002, Dr. Lightman had several discussions with the law firm that represented 3D Systems in the California Litigation. See 11/05/2003 Cook Decl., ¶ 10. Moreover, Dr. Lightman was more than "solicited" by 3D Systems as Defendant claims. In fact, Dr. Lightman not only signed a retainer agreement with 3D Systems in the California case, but he also sent a letter to counsel for 3D Systems terminating what he called his "consulting agreement" in the California case. In fact, one of the topics 3D Systems will explore at Dr. Lightman's deposition is exactly

---

[2] Also false, is EOS's bizarre claim that "3D will do in Texas what it did in California, and show up at the *Markman* Hearing with experts in tow, ready to testify, without affording EOS an opportunity to prepare cross-examination." (Def.'s Mot. Protective Order at 2.) In the California case, EOS's counsel deposed both of the experts that provided testimony on behalf of 3D Systems at the *Markman* hearing, in advance of the *Markman* hearing. See 11/13/2003 Declaration of Philip Cook, ¶ 2.

when Dr. Lightman was solicited to be EOS's expert and whether that occurred while Dr. Lightman was still engaged as an expert by 3D Systems.

Next, although Dr. Lightman was designated a testifying expert for 3D Systems' predecessor DTM Corporation ("DTM"), he was never actually deposed nor did he provide trial testimony in that case. Moreover, as described in 3D Systems' Motion to Compel, Dr. Lightman was extensively involved with this case from 1996 to 1998, during which time he spent almost one hundred hours working on the case. *See* 11/05/2003 Cook Decl., ¶ 8. *See e.g., Koch Refining Co. v. Jennifer L. Boudreaux MV*, 85 F.3d 1178, 1181 (5th Cir. 1996) (disqualifying expert despite fact that he was designated a testifying expert noting that he was never actually deposed nor did he testify at trial). Simply stated, Dr. Lightman was a retained expert for 3D Systems in the California litigation. At some point he decided to formally terminate that relationship. He is now an expert for EOS. As this Court has apparently already determined, the facts underlying Dr. Lightman's conduct are relevant and discoverable. EOS' Motion is without merit.

## IV.
## THE DOCUMENTS THAT DR. LIGHTMAN HAS BEEN ORDERED TO PRODUCE AT HIS DEPOSITION ARE CONFIDENTIAL AND MAY NOT BE REVEALED TO EOS'S COUNSEL.

For those documents that Dr. Lightman has been ordered to produce at this deposition, some of them (to the extent they have not already been improperly shown to EOS's counsel) remain confidential. To be clear, by requesting that these documents be produced to counsel for 3D Systems, 3D Systems does not waive the confidentiality of those documents nor does it intend to reveal those documents to EOS's counsel at Dr. Lightman's deposition.

## V.
## CONCLUSION

This Court has already considered all of these issues and granted 3D Systems' Motion. EOS's Motion for Protective Order to prevent Dr. Lightman from being examined about issues that all testifying experts are subject to examination on is without merit. That this examination will likely reveal facts that EOS apparently does not want to come to light is irrelevant to whether Plaintiff has the right to conduct this discovery. This Court should deny the Motion and the Parties should move forward with the deposition of Dr. Lightman as permitted by this Court's Order dated November 10, 2003.

Dated: November 1?, 2003

_____
PHILIP E. COOK (admitted *pro hac vice*)
Calif. State Bar No. 149067
ROBERT W. DICKERSON (admitted *pro hac vice*)
Calif. State Bar No. 89367
JONES DAY
555 West Fifth Street, Suite 4600
Los Angeles, CA 90013-1025
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

ALAN D ALBRIGHT
Federal Bar No. 13048
Texas State Bar No. 00973650
ELIZABETH J. BROWN FORE
Texas State Bar No. 24001795
GRAY, CARY, WARE & FREIDENRICH LLP
1221 South MoPac Expressway, Suite 400
Austin, TX 78746-6875
Telephone: (512) 457-7000
Facsimile: (512) 457-7001
Attorneys for Plaintiffs
BOARD OF REGENTS, THE
UNIVERSITY OF TEXAS SYSTEM,
and 3D SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to the following counsel of record on this _13_ day of November, 2003. in the following manner:

Thomas H. Watkins                    *Via United States Mail*
State Bar No. 20928000
Albert A. Carrion, Jr.
State Bar No. 03883100
HILGERS & WATKINS P.C.
98 San Jacinto Boulevard
San Jacinto Center, Suite 1300
Austin, Texas 78701
(512)476-4716
(512) 476-5139 Facsimile

Michael H. Baniak                    *Via Overnight Delivery*
Michael D. Gannon
BANIAK PIKE & GANNON
150 N. Wacker Drive, Suite 1200
Chicago, Illinois 60606
(312) 673-0360
(312) 673-0361 Facsimile

Attorneys for Defendant
EOS GMBH ELECTRO OPTICAL SYSTEMS

*[signature]*
ELIZABETH J. BROWN FORE