IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
DEC 2 2003
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| Board of Regents, The University of Texas System, and 3D Systems, Inc., § § § | |
| Plaintiffs, § § | Civil Action No. A03 CA 113 SS |
| v. § § | |
| EOS GmbH Electro Optical Systems, § § § | |
| Defendant. § | |

**EOS'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DEPOSITION AND PRODUCTION OF DOCUMENTS**

**I.   INTRODUCTION**

While the parties were in the midst of scheduling the 30(b)(6) deposition of EOS, Plaintiffs opted to burden this Court and EOS by filing this needless motion to compel. As expected, soon after the filing of the present motion and on the very day that EOS had requested the parties meet and confer (November 25), the parties agreed on the date and location for the deposition—December 17, 2003, in Munich. As such, Plaintiffs' motion to compel the deposition of EOS is moot and therefore should be denied.

Plaintiffs' further request to compel documents by a date certain (December 15, 2003) should also be denied. Plaintiffs' *own delay* is the sole reason why they are still waiting for the remainder of documents from Germany. As set forth below, soon after EOS responded to Plaintiffs' discovery requests, Plaintiffs were given the opportunity to inspect all of EOS's documents in Germany on two weeks notice so that they could pick and choose which documents they wanted copied to avoid any overlap with the documents already produced in the

{00002724 DOC /}                            119

California action. Plaintiff delayed inspecting them for months and, as a result, initiation of the copying process was put on hold. Then, on October 22, 2003, Plaintiffs decided to completely forego inspecting documents altogether, and for the first time demanded that *all responsive documents* be copied and sent to counsel for Plaintiffs. Since then, EOS has done everything in its power to expedite the copying process, which is taking place in Germany. As Plaintiffs are well aware (based on the document production in the California action), the available copy services are simply not set up to service American-style document productions and generate Bates-numbered documents as fast as can be done in the United States. Plaintiffs knew this all along, but still dilly-dallied for months. Nonetheless, and before any motion by Plaintiffs, EOS had undertaken to further expedite the processing. Plaintiffs' failure to meet and confer on the issue again points up the unnecessary burden on the Court that is this motion.

In short, Plaintiffs knew going into this case the added time requirements for obtaining copies in Germany. If Plaintiffs wanted the documents sooner, then they should have acted sooner. In the end, Plaintiffs have nobody but themselves to blame. EOS requests a hearing on this motion.[1]

## II. ARGUMENT

### A. Plaintiffs' Motion to Compel the Deposition of EOS is Moot

At the time Plaintiffs filed the instant motion on November 21, 2003, the parties were in the process of scheduling the EOS deposition. In fact, just prior to the filing, local counsel for Plaintiffs, Ms. Brown-Fore, called local counsel for EOS asking to "meet and confer" regarding

---

[1] Plaintiffs' motion brings up two ancillary issues that have no relevance to this motion. First, Plaintiffs include a section regarding discovery they seek to take from an EOS subsidiary (EOS of North America Inc.) pursuant to a deposition notice served in an entirely separate litigation pending in California. Second, Plaintiffs served a subpoena issued by the U.S. District Court for the Eastern District of Michigan on Synergeering Group, Inc., an EOS customer, and both Synergeering and EOS objected to Plaintiffs' harassment of its customer. This subpoena issued in Michigan is not before this Court.

the EOS deposition. This was on the afternoon of Friday, November 21, when the parties were engaged in *Markman* preparations (the *Markman* hearing was held on November 24). She was informed by EOS's local counsel that the parties had already scheduled a meeting regarding scheduling the deposition the following Tuesday (November 25, 2003). (*See also* Plaintiffs' Memorandum, at p. 9). Plaintiffs filed the present motion (obviously already written) anyway, even though the parties were supposed to meet and confer the following week. As expected, on November 25, 2003, the date of the meet and confer, the parties agreed that the deposition will take place on December 17, 2003. As such, Plaintiffs' motion must be denied as moot.

Moreover, the relief sought in Plaintiffs' proposed order goes far beyond the deposition notice. For example, Plaintiffs' deposition notice of EOS requests inspection of only "All ACCUSED PRODUCTS, both in operation (if applicable) and at rest." (Declaration of Philip E. Cook in Support of Plaintiffs' Motion to Compel ("Cook Decl."), ¶ 26, Ex. Z). Yet the proposed order (Proposed Order, item no. 4) requests that this Court allow Plaintiffs "to record by video or still photography the inspections that take place at the Rule 30(b)(6) deposition of [EOS] and to have technical consultant(s) present during that inspection." In short, Plaintiffs are asking this Court to compel that which they did not ask for in discovery.[2] Accordingly, Plaintiffs' motion must be denied for this additional reason.

### B. EOS Has Diligently Produced Documents in this Action and Any Delay is Attributable to Plaintiffs, Not EOS

#### 1. Plaintiffs' Delay in Seeking Discovery in this Action

Plaintiffs filed this action on February 26, 2003 and promptly did nothing to prosecute this case. On July 24, 2003, EOS attempted to get the ball rolling on discovery by serving its

---

[2] EOS tendered objections to certain topics listed in Plaintiffs' Notice of Deposition. (Pratt Decl., ¶ 7, Ex. 5). EOS never objected to "record[ing] by video or still photography the inspections that take place at the Rule 30(b)(6) deposition of [EOS] and to hav[ing] technical consultant(s) present during that inspection" because Plaintiffs never asked for it.

3

Rule 26(a) disclosure (*see* Declaration of Andrew F. Pratt in Support of Opposition of EOS GmbH Electro Optical System to Plaintiffs' Motion to Compel Deposition and Production of Documents (hereinafter "Pratt Decl."), ¶ 3, Ex. 1), and sets of Requests for Production on both parties. Plaintiffs balked at EOS's attempts to start discovery in earnest, citing pressures from the California action as making discovery too burdensome at that time. (*See* Pratt Decl., ¶ 8, Ex. 6). Plaintiffs finally served discovery requests on August 4, 2003, then promptly suggested that discovery should be put off until later when activity in the California action settled down. (*See* Pratt Decl., ¶ 8, Ex. 6). EOS informed Plaintiffs that EOS would refuse to put discovery off any longer in light of the upcoming *Markman* hearing. (*See* Pratt Decl., ¶ 9, Ex. 7). As explained in detail below, it was not until October 7, 2003 that Plaintiffs finally discussed scheduling a time to review EOS's documents.

      **2.    Plaintiffs' Delay Regarding the Inspection of EOS Documents**

Shortly after EOS tendered its Responses to Plaintiffs' discovery requests, EOS offered to make its documents available to Plaintiffs for inspection pursuant to Fed. R. Civ. P. 34(b), much as it had done in the California action. While Plaintiffs seek to compel this Court to have EOS copy and deliver all documents to Plaintiffs' doorstep, and complain that no documents were produced thirty days after serving the Requests for Production, it bears pointing out that Plaintiffs never did so for EOS. In fact, neither Plaintiff produced documents to EOS in response to EOS's discovery requests, and instead required EOS to travel to California to review them pursuant to Fed. R. Civ. P. 34(b). And while Plaintiffs make much of the fact that EOS was "granted" additional time to respond, EOS further points out that Plaintiffs first requested additional time to respond to EOS's discovery requests, and EOS provided Plaintiff UT with a two week extension to respond. (Pratt Decl., ¶ 10, Ex. 8). Having heard nothing from Plaintiffs

about inspection, counsel for EOS advised them *sua sponte* in late September that the inspection could be arranged on two weeks' notice. Two weeks was required to allow EOS's counsel adequate time to coordinate with EOS personnel, pull the documents (most of which are in daily use), review them for privilege, and make them available to Plaintiffs.

Finally, on October 7, 2003, EOS's counsel contacted Plaintiffs' counsel to provide dates when Plaintiff could inspect EOS's documents in Germany, at which time Plaintiffs' counsel was told they could be made available on October 20, 2003 (approximately two weeks hence). (*See* Cook Decl., ¶ 8, Ex. G). Plaintiffs' counsel voluntarily declined to inspect the documents on that date, and instead asked how many boxes of documents EOS would produce for inspection, and whether the weeks of October 27 or November 2 were available for inspection. (*See* Cook Decl., ¶ 8, Ex. G).

On October 9, EOS informed Plaintiffs' counsel that the dates he requested were unavailable primarily because the EOS employee responsible for maintaining the records would be out of the office. (*See* Cook Decl., ¶ 9, Ex. H). On October 13, 2003, EOS's counsel informed Plaintiffs' counsel that the documents could be made available for inspection during the weeks of November 10 or November 17, 2003. (Cook Decl., ¶ 10, Ex. I). On October 21, 2003, EOS's counsel informed Plaintiffs' counsel that EOS estimated that forty-two boxes would be made available for inspection. (Cook Decl., ¶ 13, Ex. K).

Then, on October 22, rather than scheduling an inspection of EOS's document production, Plaintiffs' counsel demanded that EOS copy the entire set of documents and have them shipped to Plaintiffs' counsel. (*See* Cook Decl., ¶ 14, Ex. L).

In response to Plaintiffs' October 22 demand to copy all the documents, EOS agreed to begin the process. (*See* Cook Decl., ¶ 15, Ex. M). As was explained to Plaintiffs, however,

German copy services are not set up to service American-style document productions and generate Bates-numbered documents as fast as the customer is willing to pay. (*See* Cook Decl., ¶ 15, Ex. M). Rather, the copy service must actually hire additional personnel to accommodate large copy jobs. Plaintiffs were aware of these factors when they demanded that EOS copy its entire document set.

EOS further objected to Plaintiffs' other demands in their October 22 letter. Specifically, EOS objected to culling out any documents previously produced in the California action from the volume *Plaintiffs requested in the first place*.[3] (*See* Cook Decl., ¶ 15, Ex. M); EOS had already identified documents from the California action that it would designate as produced in this action. With respect to the Rule 26(a) and 33(d) documents, EOS explained to Plaintiffs that it made more sense to complete production of them once the documents had been copied and sent to this country for production to Plaintiffs.[4] EOS also objected to noting the source location for every document it produced, and requested that Plaintiffs provide EOS with any authority that would require EOS to undertake such a mammoth project—Plaintiffs provided no such authority either then or now in their motion to compel.

In short, Plaintiffs have created the very problems of which they now complain. Plaintiffs could have commenced discovery at the beginning of the year, closer to when the case was actually filed, but they voluntarily decided to wait roughly five months to serve their first discovery requests. Then, Plaintiffs waited approximately an additional three months to finally

---

[3] As set forth below, EOS's active files that would have been produced for inspection bear no Bates numbers. EOS would literally have to compare them word-for-word against the documents 3D selected for copying in the California action to determine whether they had been produced. This is the very definition of unduly burdensome, and is further the result of (1) Plaintiffs' overly broad Requests for Production and (2) Plaintiffs' decision not to inspect the documents, instead copying them sight unseen. While EOS has tried to identify documents from the California action, it has no obligation to ensure that no duplication of documents from the separate litigation occurs.

[4] As explained below, most of these documents have been produced or are otherwise in Plaintiffs' possession.

6

decide to have EOS's entire production set copied instead of inspecting the documents and taking the most relevant subsets. Plaintiffs' delays, in conjunction with their broad document requests created the "problem" that (1) previously-produced documents from the California action might be included in EOS's production set in this action, and (2) the document production would not be completed until January of 2004. And it is these "problems" of Plaintiffs' own making that Plaintiffs now ask this Court to resolve with their motion to compel. This Court should deny Plaintiffs' motion because (1) EOS has the option to produce records for inspection as they are maintained in the ordinary course of business under Fed. R. Civ. P. 34(b), and (2) it is unduly burdensome to force EOS to cull out documents produced in a separate litigation where Plaintiffs' discovery requests clearly call for them and Plaintiffs refused to inspect the documents prior to requesting that they be copied to minimize duplication.[5]

3. **There is no Basis for Plaintiffs' Demand that EOS Compare Each Responsive Document in this Case With All of the Documents Produced in the California Case to Ensure that no Documents in the California Action be Produced in this Action**

a. **The California Action**

In the California action, EOS made documents available to 3D for inspection as they are kept in the ordinary course of business as was (and is) EOS's prerogative under Fed. R. Civ. P. 34(b). Counsel for 3D traveled to EOS's facilities in Germany to inspect the original documents and selected portions for copying. The original documents were sent to the copy service, and the copies were forwarded to EOS's counsel. Counsel for EOS then Bates numbered the copies, made a duplicate set, and sent the Bates-stamped duplicates to 3D. EOS's original documents were never Bates numbered, and were returned to EOS's working files after they were copied for

---

[5] As explained below, EOS has already attempted to cross-designate documents from the California action where appropriate; however, EOS cannot guarantee that no duplication will occur.

7

{00002724 DOC /}

the California action. During the approximately three years the California action has been pending, EOS document production to 3D has totaled approximately 39,817 pages (although many more documents were inspected but not selected by 3D for copying).

### b. Cross Designation of California Documents in This Action

After receiving Plaintiffs' discovery requests in this action, EOS promptly set about producing documents to Plaintiffs. In recognition of the fact that document requests in this action overlap to some extent with the document production in the California action, the parties agreed that each could cross-designate documents produced in the California action as produced in this action. Accordingly, EOS reviewed its California-action document production, and on October 15, 2003 and November 12, 2003 EOS designated approximately 23,000 of those documents as produced in this action. (*See* Pratt Decl., ¶ 13, Ex. 11; ¶ 14, Ex. 12). EOS never intended to reproduce these documents from its working files in Germany to the extent EOS could avoid doing so, nor were Plaintiffs ever told that such documents would be duplicated. Thus, the relief requested in Plaintiffs' proposed order, which seeks to prevent EOS from producing duplicate documents from the California action in this action, (*See* Proposed Order, item no. 2), has already been provided, and Plaintiffs' motion is, to that extent, moot.

Nevertheless, this Court should not grant Plaintiffs' request to force EOS to ensure that no duplication occurs, as such as task would be unduly burdensome in the extreme. It would be fundamentally unfair to require EOS to do so, especially considering that Plaintiffs apparently made no attempt to draft their documents requests in this case in a manner that avoids duplication. For example, Plaintiffs' discovery requests, in many instances, cover vast topics over unlimited time periods. One document request in this case is set forth below:

8

**Request No. 3:**
All DOCUMENTS concerning to the design, proposals for the design, research, development, manufacture, engineering, assembly, operation or testing of each EOS Machine including, but not limited to, product descriptions, or specifications, notes, memoranda, technical reviews, reports, data sheets, schematics, blueprints, diagrams, notebooks, drawings, specifications or related documents, disclosures, correspondence, meeting minutes, photographs, user manuals, models and layout diagrams.

(*See* Pratt Decl., ¶ 5, Ex. 3).

This Request covers virtually every EOS document regarding the machines at issue since their inception some ten or so years ago. Plaintiffs drafted this request broadly even though it completely overlaps with at least one request in the California action set forth below:

**Request No. 6:**
Any and all DOCUMENTS that discuss, illustrate, constitute, or refer to the conception, development, reduction to practice, testing, modification, production, commercialization or marketing by EOS of any of the inventions or the subject matter claimed or discussed in [the laser sintering patents].

(*See* Pratt Decl., ¶ 6, Ex. 4).

In short, both of these requests seek information concerning the development, testing, and production/manufacture documents regarding the products at issue. Plaintiffs made no effort whatsoever to limit the scope of the request in this action to prevent duplication of documents produced in the California action.

### 4. Plaintiffs Have Virtually All of EOS's Rule 26(a) Disclosures

EOS served its Rule 26(a) disclosures on July 24, 2003, setting forth the categories and locations of discoverable information known to EOS. (Pratt Decl., ¶ 3, Ex. 1). EOS explicitly stated that EOS believed nearly all of the Rule 26(a) information was either in Plaintiffs' own files or had been produced to 3D pursuant to the California action. (Pratt Decl., ¶ 3, Ex. 1). The only documents yet to be produced to Plaintiffs under Rule 26(a) are supplemental financial

documents that are currently in the process of being copied and sent to the United States for production to Plaintiffs.

### 5. Plaintiffs Have Nearly All Rule 33(d) Documents

Responsive to certain Interrogatories, EOS elected to produce documents pursuant to Rule 33(d). With the exception of invoices for parts and updated marketing materials, Plaintiffs are already in possession of EOS's documents produced pursuant to Rule 33(d). As with the balance of the Rule 26(a) documents, those documents are in the process of being copied and sent to the United States for production to Plaintiffs. Once counsel for EOS has all of the Bates numbered copies from Germany, it will update its Rule 33(d) designations.

## III. CONCLUSION

For the foregoing reasons, EOS requests that this Court deny Plaintiffs' motion to compel the deposition of EOS and the production of documents.

Respectfully submitted,

_____
THOMAS H. WATKINS
ALBERT A. CARRION, JR.
BROWN MCCARROLL, L.L.P.
1300 San Jacinto Center
98 San Jacinto Boulevard
P.O. Box 2063
Austin, Texas 78768-2063
(512) 476-4716
(512) 476-5139 (Telecopier)

MICHAEL H. BANIAK
MICHAEL D. GANNON
CHARLES C. KINNE
ANDREW F. PRATT
BANIAK PINE & GANNON
150 N. WACKER DRIVE, SUITE 1200
CHICAGO, ILLINOIS 60606
(312) 673-0360
(312) 673-0361 (TELECOPIER)

DAVID J. LAING
BAKER & MCKENZIE
815 Connecticut Avenue, NW, Suite 900
Washington, DC 20006
(202) 452-7023
(202) 452-7074 (Telecopier)

ATTORNEYS FOR DEFENDANT
EOS GMBH ELECTRO OPTICAL SYSTEMS

{00002724 DOC /}

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was provided to counsel of record by the method indicated below on this the 2nd day of December 2003:

| | |
|---|---|
| Philip E. Cook<br>Robert W. Dickerson<br>JONES DAY<br>555 W. Fifth Street, Suite 4600<br>Los Angeles, California 90013-1025 | *via facsimile and*<br>*federal express* |
| Alan D. Albright<br>Elizabeth J. Brown Fore<br>GRAY CARY WARE & FREIDENRICH, LLP<br>1221 South Mopac Expressway, Suite 400<br>Austin, Texas 78746-6875 | *via facsimile and first-class mail* |

{00002724 DOC /}

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Board of Regents, The University of Texas System, and 3D Systems, Inc., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. A03 CA 113 SS |
| EOS GmbH Electro Optical Systems, | § § § | |
| Defendant. | § | |

## DECLARATION OF ANDREW F. PRATT IN SUPPORT OF OPPOSITION OF EOS GMBH ELECTRO OPTICAL SYSTEMS TO PLAINTIFFS' MOTION TO COMPEL DEPOSITION AND PRODUCTION OF DOCUMENTS

I, Andrew Pratt, declare as follows:

1. I am an attorney with Baniak Pine and Gannon, counsel for Defendant, EOS GmbH Electro Optical Systems ("EOS"), in the above-captioned case.

2. I make this Declaration on the basis of my own personal knowledge and if I were called as a witness, I could and would testify competently to the following facts.

3. Attached to this Declaration as Exhibit 1 is a true and correct copy of EOS GmbH Electro Optical Systems' Initial Disclosure Pursuant to Fed. R. Civ. P. 26(a) dated July 24, 2003.

4. Attached to this Declaration as Exhibit 2 is a true and correct copy of Defendant EOS GmbH Electro Optical Systems' Response to 3D Systems' First Set of Interrogatories dated September 16, 2003.

5. Attached to this Declaration as Exhibit 3 is a true and correct copy of Defendant EOS GmbH Electro Optical Systems' Response to 3D Systems' First Set of Requests for Production of Documents and Things dated September 16, 2003.

{00002676 DOC /}

6.  Attached to this Declaration as Exhibit 4 is a true and correct copy of EOS GmbH Electro Optical Systems' Response to 3D Systems, Inc.'s First Request for Production of Documents And For Inspection of Things dated October 29, 2001, pursuant to the litigation between EOS and 3D pending in the United States District Court for the Central District of California.

7.  Attached to this Declaration as Exhibit 5 is a true and correct copy of Objections of EOS GmbH Electro Optical Systems to Plaintiffs' Notice of Initial Deposition of Defendant EOS GmbH Electro Optical Systems Pursuant to Rule 30(b)(6) dated November 26, 2003.

8.  Attached to this Declaration as Exhibit 6 is a true and correct copy of a letter from Mr. Cook to EOS's counsel dated August 4, 2003.

9.  Attached to this Declaration as Exhibit 7 is a true and correct copy of a letter from EOS's counsel to Mr. Cook dated August 7, 2003.

10. Attached to this Declaration as Exhibit 8 is a true and correct copy of an e-mail from EOS's counsel to Mr. Miller dated August 25, 2003.

11. Attached to this Declaration as Exhibit 9 is a true and correct copy of a letter from Mr. Miller to EOS's counsel dated August 26, 2003.

12. Attached to this Declaration as Exhibit 10 is a true and correct copy of a letter from Mr. Miller to EOS's counsel dated September 9, 2003.

13. Attached to this Declaration as Exhibit 11 is a true and correct copy of a letter from EOS's counsel to Mr. Miller dated October 15, 2003.

14. Attached to this Declaration as Exhibit 12 is a true and correct copy of a letter from Marlon Dungo, a paralegal with EOS's counsel, to Mr. Miller dated November 12, 2003.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 2nd day of December, 2003, in Chicago, Illinois.

Executed this 2nd day of December, 2003, in Chicago, Illinois.

_____Andrew F. Pratt_____
Andrew F. Pratt

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## NOTICE OF DOCUMENT(S) NOT IMAGED

Civil Case No.         A:03-CA-113 SS

Board of Regents, The University of Texas System, and 3D Systems, Inc.

VS.

EOS GmbH Electro Optical Systems

| | |
|---|---|
| Attachments to Document #: | 119 |
| Description: | EOS's Opposition to Plaintiffs' Motion to Compel Deposition and Production of Documents |
| Filed By: | EOS GmbH Electro Optical Systems |
| File Date: | 12/02/03 |