IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
DEC 0 4 2003
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
        DEPUTY CLERK

| | |
|---|---|
| Board of Regents, The University of Texas System, and 3D Systems, Inc., § § § Plaintiffs, § § v. § EOS GmbH Electro Optical Systems, § § Defendant. § | Civil Action No. A03 CA 113 SS |

# EOS'S OPPOSITION TO PLAINTIFFS' MOTION TO SEVER AND TRANSFER COUNTS I THROUGH IV OF EOS'S LICENSE COUNTERCLAIMS

## I.    INTRODUCTION

As an initial matter, EOS must respond to Plaintiffs' ongoing slanderous and disparaging representations that EOS "copied" the work of UT, DTM and 3D. In addition to being false, these allegations have absolutely no relevance to the issue of whether Counts I through IV of EOS's counterclaims (hereinafter referred to as "Counterclaims") should be severed from this action. What they do reveal, however, is that Plaintiffs are using "the big lie" in a desperate attempt to divert this Court's attention away from the file histories of the patents-in-suit, which are replete with repeated disclaimers that limit the scope of the claims to such an extent that neither EOS's laser sintering machines nor *3D's own laser sintering machines* are covered by the patents. In fact, *nobody* in the rapid prototyping industry is following the teachings of the patents-in-suit. They are, as Plaintiffs' counsel is so fond of saying, textbook examples of "paper" patents that have no commercial value to anyone.

Moving on to the relevant issue that Plaintiffs' motion raises, there are several compelling reasons why this Court should not alter the pleadings by severing EOS's Counterclaims. First, Plaintiffs unreasonably delayed bringing this issue to the Court's attention. EOS filed its Counterclaims eight months ago, the deadline for amending the pleading passed five months ago, and discovery ends in just three months. This motion is simply too late.

Second, the facts of this case do not meet the standard for severance under Fed R. Civ. P. 21. Plaintiffs fail to mention to this Court that one of EOS's affirmative defenses in this case - - that EOS is licensed under the UT patents-in-suit - - will require this Court to delve into issues associated with the License Agreement entered into between 3D and EOS back in 1997 ("License Agreement"). Those issues are inextricably intertwined with the issues raised in the Counterclaims. Thus, severing the Counterclaims will not promote expedition and economy in this case, but instead will only result in prejudice and inconvenience to the parties.

Third, none of the arguments raised by Plaintiffs support severance. For example, the first-filed rule does not apply. As demonstrated below, the California action is not "substantially related" to this action because none of the issues present in the California action are present in this case. Similarly, the forum selection clause contained in the License Agreement is a red herring. That clause is only triggered when a party files an "action," but EOS did not file an action in Texas, Plaintiffs did. Thus, the forum selection clause drops out.

## II.    ARGUMENT

### A.    Plaintiffs' Motion Is Untimely and Should be Denied on This Basis Alone

Plaintiffs filed this action on February 26, 2003. Declaration of Andrew F. Pratt In Support of EOS's Opposition To Plaintiffs' Motion To Sever And Transfer Counts I Through IV of EOS's License Counterclaims ("Pratt Decl."), ¶ 3, Ex. 1. On March 25, 2003, EOS promptly

filed its answer, which included the four Counterclaims at issue. (Pratt Decl. ¶ 4, Ex. 2) On June 3, 2003, this Court issued its Scheduling Order, which gave the parties until June 26, 2003, to amend the pleadings and March 1, 2004, to complete discovery. (Pratt Decl. ¶ 5, Ex. 3).

Plaintiffs then delayed until November 20, 2003, to file the present motion, *eight months* after they knew about EOS's Counterclaims, *five months* after the deadline to amend the pleadings, and just three months before the close of discovery. At the very least, Plaintiffs should have brought their motion by the deadline for amending the pleading, which passed five months ago. In short, there is simply no excuse for such unreasonable delay and, tellingly, Plaintiffs offer none.

### B.   Severance Is Not Warranted Under These Circumstances

Several factors should be considered in evaluating whether severance is appropriate under Rule 21, including "whether there is a logical relationship between the claims" and "whether there is any overlapping proof or legal question." *Little v. Bellsouth Telecomm. Inc.*, No. CIV. A. 95-1646, 1995 WL 468256, *1 (E.D. La. Aug. 7, 1995); *Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc.*, 918 F. Supp. 343, 350 ("When determining whether severance is appropriate under Rule 21, the court considers the convenience of the parties, avoiding prejudice, promoting expedition and economy . . . and the separability of law and logic.").

Here, the Counterclaims at issue should stay in this case because they involve issues that are inextricably intertwined with other issues that will have to be resolved by this Court. For instance, one issue that this Court will have to address is EOS's affirmative defense that it is "licensed under the '589 and '070 Patents." (Pratt Decl. ¶ 4, Ex. 2, p. 8). In other words, EOS is asserting that the terms of the License Agreement gives EOS a license under the two UT owned patents-in-suit.

3

Thus, the scope and meaning of the License Agreement, along with all of the related proofs relevant thereto, are squarely at issue in this case. That same License Agreement is at the heart of each of the Counterclaims. For example, Count I of the Counterclaims relates to 3D's breach of the License Agreement, Count II relates to 3D being estopped by the terms of the License Agreement from taking positions that vitiate EOS's rights under the License Agreement, Count III relates to EOS being accorded specific performance under the terms of the License Agreement and Count IV relates to 3D's breach of fiduciary duty in connection with the License Agreement. (Pratt Decl. ¶ 4, Ex. 2, pp. 10-15). Accordingly, not only is there a logical relationship between EOS's affirmative defense and the Counterclaims, the proofs and legal questions for these issues overlap substantially.

In short, the interests of justice would be best served if this case is permitted to proceed in its present form. Severing the Counterclaims will not promote judicial economy or make this case proceed any more quickly, because all of the License Agreement issues raised by EOS's affirmative defense - - issues that are inextricably intertwined with the Counterclaims - - will have to be addressed by this Court anyway. Severance would also severely prejudice EOS because, quite simply, EOS would be stripped of its right to assert its Counterclaims altogether because, as Plaintiffs admit, Judge Carter in the California action never allowed EOS to amend the pleadings in that case to add such claims.[1] Plaintiffs' Brief, pp. 4-5.

Plaintiffs' heavy reliance on *Toro Co. v. Alsop*, 565 F.2d 998 (8th Cir. 1977), is misplaced because that case has no application here. In *Toro*, the complaint contained four counts, three of which alleged antitrust violations, the other involved a count for declaratory

---

[1] Judge Carter would certainly never allow EOS to amend the pleadings now to add these Counterclaims given the current stage of that case. Fact discovery in that case closed over a year ago on August 1, 2002, (Pratt Decl. ¶ 7, Ex. 5), motions for summary judgment and pre-trial motions *in limine* have already been filed, and trial is set to begin on March 2, 2004. (Pratt Decl. ¶ 8, Ex. 6).

4

relief of patent invalidity. The court severed the patent invalidity claim and transferred it because it had no logical relationship or overlap with the remaining antitrust counts. *Id.* at 999-1001. Here, on the other hand, the Counterclaims are closely tied with the issue of whether EOS is licensed under the UT patents-in-suit, as demonstrated above. As such, they should stay in this case. *Old Colony Ventures*, 918 F. Supp. at 350 (severance of two counts is inappropriate under the circumstances because they "involve issues that are inextricably intertwined with the remainder of the action").

### C. The First-Filed Rule Does Not Apply

Plaintiffs' reliance on the first-filed rule is incorrect. That rule "only applies where a Complaint involving the same parties and issues has been filed in another district." *Florer v. Elec. Data Sys. Corp.*, No. Civ.3:03CV1175-H, 2003 WL 22203696, *2 (N.D. Tex. Sept. 23, 2003). In the Fifth Circuit, a two-part test is applied pursuant to the first-filed rule. *Trinity Indus., Inc. v. 188 L.L.C.*, No. CIV.NO.3:02CV-405H, 2002 WL 31245374, *1-2 (N.D. Tex. Oct. 2, 2002). The Court must first determine if the two actions are substantially related such that one Court should decide the subject matter of both cases. *Id.* Second, the Court must determine which of the two Courts should decide the case. *Id.*

The California action and the present action are not substantially related in this instance. For instance, there is no overlap between the patents being asserted in the California action and in this action.[2] Moreover, *the Counterclaims that Plaintiffs seek to sever are not even present in the California action because, as set forth above, Judge Carter never allowed EOS to amend the pleadings to add such claims.* Plaintiffs' Brief, pp. 4-5. In addition, EOS has raised

---

[2] In the California action, EOS is asserting 14 patents owned by 3D and licensed to EOS, while 3D is asserting against EOS one patent formerly owned by DTM. This case involves two patents owned by UT and licensed to 3D.

5

a number of antitrust counterclaims in this case, but none of them are present in the California action. Furthermore, each case includes various affirmative defenses, but those defenses are only applicable to the claims in each case. For example, in the California action, EOS asserts that it is licensed under the *DTM* patent being asserted by 3D. In this case, as set forth above, EOS asserts that is licensed under the two *UT patents-in-suit*.

In short, Judge Carter in California clearly will not reach the Counterclaims, having ruled them out of his case *ab initio*. EOS obviously believes that Judge Carter erred in refusing to allow these counterclaims to be added to the pleadings in California, and will so contend on any appeal. What transpired in California has no preclusive effect upon EOS's ability to bring those counterclaims in the co-pending action, which Plaintiffs elected to fire up in a different forum. *Starbuck v. City & County of San Francisco*, 556 F.2d 450, 457 n. 13 (9th Cir. 1977) ("a decision of one district court is not binding upon a different district court.") Plaintiffs could have brought this action in California. Instead, they have set up the two-forum format which they now try to bootstrap into a basis for severance. The first-filed rule simple does not apply.

Plaintiffs' error is epitomized by the *Transmirra Prod. Corp. v. Monsanto Chem. Co.*, 27 F.R.D. 482 (S.D.N.Y. 1961) upon which they rely. In *Transmirra*, the court severed a counterclaim in a later-filed action to avoid having the same issues litigated in two separate trials. Here, keeping the Counterclaims in this case *will not* result in the very same issues being litigated in two separate trials. As Plaintiffs admit in their brief, the California court denied EOS's motion to include these claims in the pleadings. Plaintiffs' Brief, pp. 4-5. Therefore, going forward with the Counterclaims cannot possibly result in any duplication in the California action.

### D.  The Forum-Selection Clause Is Not Applicable

Plaintiffs' reliance on the forum-selection set forth in Section 8.6 of the License Agreement is misplaced.[3] That clause merely states that:

> The parties agree that *any action* for relief based in whole or in part on this Agreement (or the breach thereof) or otherwise relating in whole or in part to this Agreement shall be filed in, and the parties consent to personal jurisdiction and venue in, the Federal and State Courts closest to the above-identified place of business of 3D Systems, Inc. in Valencia (Los Angeles County), California . . . .

(Pratt Decl. ¶ 11, Ex. 9, p. 7, Section 8.6, *emphasis added*). Thus, this clause is triggered only when a party files an action for relief. Here, it was *Plaintiffs*, not EOS, who filed the present patent infringement action in Texas. In responding to Plaintiffs' action, EOS merely asserted various affirmative defenses and counterclaims. These can hardly be considered an "action" as contemplated by Section 8.6. An "action," in a legal sense, means a lawsuit brought in a court or a formal complaint within the jurisdiction of a court of law. BLACK'S LAW DICTIONARY 28 (6th ed. 1990); *Pathman Constr. Co. v. Knox County Hosp. Ass'n*, 326 N.E.2d 844, 854 (Ind. Ct. App. 1975). Plaintiffs' argument that they can initiate an action in one forum, and then require EOS to bring its related counterclaim in another forum because of a forum selection clause, is absurd. Because EOS did not file any action in Texas, the forum selection clause simply has absolutely no bearing on whether the Counterclaims here should be severed and transferred to the California action.

---

[3] EOS is at loss as to why Plaintiffs rely on *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972); *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988); *Afram Carriers v. Moeykens*, 145 F.3d 298 (5th Cir. 1998); *Arctic Equip. of Tex., Inc. v. IMI Cornelius, Inc.*, No. 7:00-CV-208-R, 2001 WL 257981 (N.D. Tex. Mar. 13, 2001); *In re Ricoh Corp.*, 870 F.2d 570 (11th Cir. 1989). These cases are not applicable because they do not involve severance of counterclaims through enforcement of a forum-selection clause.

## III. CONCLUSION

For all of the forgoing reasons, Plaintiffs' motion to sever and transfer Counts I through IV of EOS's license Counterclaims should be denied.

Respectfully submitted,

*[signature]*

THOMAS H. WATKINS
STATE BAR NO. 20928000
ALBERT A. CARRION, JR.
STATE BAR NO. 03883100
BROWN MCCARROLL, L.L.P.
1300 San Jacinto Center
98 San Jacinto Boulevard
P.O. Box 2063
Austin, Texas 78768-2063
(512) 476-4716
(512) 476-5139 (Telecopier)

MICHAEL H. BANIAK
MICHAEL D. GANNON
CHARLES C. KINNE
ANDREW F. PRATT
BANIAK PINE & GANNON
150 N. WACKER DRIVE, SUITE 1200
CHICAGO, ILLINOIS 60606
(312) 673-0360
(312) 673-0361 (TELECOPIER)

DAVID J. LAING
BAKER & MCKENZIE
815 Connecticut Avenue, NW, Suite 900
Washington, DC 20006
(202) 452-7023
(202) 452-7074 (Telecopier)

ATTORNEYS FOR DEFENDANT
EOS GMBH ELECTRO OPTICAL SYSTEMS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was provided to counsel of record by the method indicated below on this the 4th day of December, 2003:

| | |
|---|---|
| Philip E. Cook<br>Robert W. Dickerson<br>JONES DAY<br>555 W. Fifth Street, Suite 4600<br>Los Angeles, California 90013-1025 | *via federal express* |
| Alan D. Albright<br>Elizabeth J. Brown Fore<br>GRAY CARY WARE & FREIDENRICH, LLP<br>1221 South Mopac Expressway, Suite 400<br>Austin, Texas 78746-6875 | *via first-class mail* |

_____
THOMAS H. WATKINS

SANJAC:2200896.1
50163.1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Board of Regents, The University of Texas System, and 3D Systems, Inc., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. A03 CA 113 SS |
| EOS GmbH Electro Optical Systems, | § § § | |
| Defendant. | § | |

## DECLARATION OF ANDREW F. PRATT IN SUPPORT OF EOS'S OPPOSITION TO PLAINTIFFS' MOTION TO SEVER AND TRANSFER COUNTS I THROUGH IV OF EOS'S LICENSE COUNTERCLAIMS

I, Andrew F. Pratt, declare as follows:

1. I am an attorney with Baniak Pine and Gannon, counsel for Defendant, EOS GmbH Electro Optical Systems ("EOS"), in the above-captioned case.

2. I make this Declaration on the basis of my own personal knowledge and if I were called as a witness, I could and would testify competently to the following facts.

3. Attached to this Declaration as Exhibit 1 is a true and correct copy of the Complaint filed by Plaintiffs 3D Systems, Inc. and Board of Regents, the University of Texas System on February 26, 2003.

4. Attached to this Declaration as Exhibit 2 is a true and correct copy of the Answer and Counterclaims filed by EOS on March 25, 2003.

5. Attached to this Declaration as Exhibit 3 is a true and correct copy of this Court's June 3, 2003 Scheduling Order.

6. Attached to this Declaration as Exhibit 4 is a true and correct copy of *Little v. Bellsouth Telecomm. Inc.*, No. CIV. A. 95-1646, 1995 WL 468256 (E.D. La. Aug. 7, 1995).

7.   Attached to this Declaration as Exhibit 5 is a true and correct copy of the September 20, 2001 Order setting case management dates issued by the United States District Court for the Central District of California in the case styled *EOS GmbH Electro Optical Systems v. DTM Corp. et al.*, No. SA CV 00-1230 DOC.

8.   Attached to this Declaration as Exhibit 6 is a true and correct copy of the November 25, 2003 Order setting trial date of March 2, 2004 issued by the United States District Court for the Central District of California in the case styled *EOS GmbH Electro Optical Systems v. DTM Corp. et al.*, No. SA CV 00-1230 DOC.

9.   Attached to this Declaration as Exhibit 7 is a true and correct copy of *Florer v. Elec. Data Sys. Corp.*, No. Civ. 3:03 CV 1175-H, 2003 WL 22203696 (N.D. Tex. Sept. 23, 2003).

10.  Attached to this Declaration as Exhibit 8 is a true and correct copy of *Trinity Indus., Inc. v. 188 L.L.C.*, No. CIV. NO. 3:02CV-405H, 2002 WL 31245374 (N.D. Tex. Oct. 2, 2002).

11.  Attached to this Declaration as Exhibit 9 is a true and correct copy of the August 27, 1997 License Agreement entered into between EOS and 3D Systems, Inc.

12.  Attached to this Declaration as Exhibit 10 is a true and correct copy of an excerpt from BLACK'S LAW DICTIONARY 28-29 (6th ed. 1990).

Executed this 4th day of December, 2003, in Chicago, Illinois.

*Andrew F. Pratt*
Andrew F. Pratt

2

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## NOTICE OF DOCUMENT(S) NOT IMAGED

Civil Case No.        A:03-CA-113

Board of Regents, The University of Texas System, and 3D Systems, Inc.

VS.

EOS GmbH Electro Optical Systems

| | |
|---|---|
| Attachments to Document #: | 127 |
| Description: | EOS's Opposition to Plaintiffs' Motion to Sever and Transfer Counts I through IV of EOS's License Counterclaims |
| Filed By: | EOS |
| File Date: | 12/4/03 |