**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Board of Regents, The University of Texas System, and 3D Systems, Inc., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. A03 CA 113SS |
| EOS GmbH Electro Optical Systems, | § § § | |
| Defendant. | § § § | |

# REPLY OF COUNTERCLAIM DEFENDANTS 3D SYSTEMS IN SUPPORT OF MOTION TO SEVER AND TRANSFER COUNTS I THROUGH IV OF EOS'S FIRST AMENDED COUNTERCLAIMS

LAI-2077019v2

134

# TABLE OF CONTENTS

                                                                                      **Page**

I.    INTRODUCTION ........................................................................................................ 1

II.   THIS COURT SHOULD SEVER THE CLAIMS AND TRANSFER THEM TO THE CALIFORNIA COURT ..................................................................................... 1

      A.    This Motion Is Timely ...................................................................................... 1

      B.    The Court Should Sever the Claims to Facilitate Transfer to the Proper Forum ................................................................................................................ 2

      C.    The First-Filed Rule Requires that the Claims Be Resolved In California ............ 4

      D.    The Claims Are Governed By a Mandatory Forum-Selection Clause That Designates California as the Only Proper Forum .................................................. 4

III.  CONCLUSION ........................................................................................................... 6

## TABLE OF AUTHORITIES

## I. INTRODUCTION

Defendant does not dispute in its Opposition that Counts I through IV of its Counterclaims (the "Claims") are a virtual "copy-and-paste" of claims that a California United States District Court has already held twice lack merit *as a matter of law*. Instead, the Defendant simply contends that the Claims will not be burdensome to litigate here. Defendant intentionally attempts to minimize the import of the California Court's rulings to justify its attempt to have its Claims heard yet again in this Court. But this Court is not a proper forum for the resolution of the Claims because they are not encompassed within any other issue that the Court will decide in this case. Moreover, the Defendant has proffered no reason to circumvent the first-filed rule or the negotiated forum-selection clause — both of which require that the Claims be severed and transferred to the California court.

## II. THIS COURT SHOULD SEVER THE CLAIMS AND TRANSFER THEM TO THE CALIFORNIA COURT

### A. This Motion Is Timely.

Although Defendant argues that the motion is untimely, Defendant's sole basis for this argument is its bald assertion that 3D Systems should have filed the motion promptly after the Claims were filed or, perhaps, before the deadline for filing amended claims. (EOS Opp. at 3.) The timing of this motion, however, is entirely proper and does not create *any* additional burden on this Court or Defendant. Moreover, Defendant's argument — for which it does not cite *any* authority — ignores that other courts have refused to impose any specific deadlines for the filing of transfer motions, and have granted transfer motions as late as after the conclusion of the trial. *See e.g., Farmer Brothers v. Coca-Cola Co.*, 366 F. Supp. 725, 727 (S.D. Tex. 1973); *Martin Trigona v. Meister*, 668 F. Supp. 1, 4 (D.D.C. 1987). Here, the motion is properly considered now because all of the facts necessary to resolve the motion are presently before the Court; nothing relevant to the motion is dependent on further discovery.

1

LAI-2077019v2

**B.     The Court Should Sever the Claims to Facilitate Transfer to the Proper Forum.**

Defendant contends that the Claims should not be severed because they are related to issues raised by Defendant's affirmative defense of express license. (Opp. at 3.) According to Defendant, because the same License Agreement forms the basis for the Claims and this affirmative defense, the Claims are "inextricably intertwined" with issues that "will have to be addressed by this Court anyway." (Opp. at 4.) Defendant is wrong.

First, the Court should sever the claims because it will *not* need to consider the issues raised by the Claims. The affirmative defense of express license merely requires the Court to decide whether the License Agreement extends to the patents-in-suit.[1] That defense does not require any inquiry into or resolution of whether 3D Systems breached the License Agreement as a result of positions it has taken *in the California litigation*, which is the core allegation common to all of the Claims.

Second, Defendant's burden to avoid severance requires that it establish more than just some tenuous connection to issues that are raised by the Plaintiffs in their pleadings here. If that were the standard, the first-filed rule and mandatory forum-selection clauses could be easily defeated by artful pleading, and at the expense of fundamental principles of judicial efficiency

---

[1] The 1997 License Agreement between 3D Systems and EOS granted to EOS a field of use license to certain 3D Systems' patents that (i) were at the time of the agreement "owned by" 3D Systems, and (ii) patents that might "issue to" 3D Systems upon applications within a certain time following the date of the agreement. (License Agreement, § 1.1.) EOS's defense that this language gives it an express license here rests on its claim the patent rights that 3D Systems obtained when it acquired DTM Corporation in August 2001 were "issued to" 3D Systems, and thus includes the patents-in-suit. However, there is no dispute that the patents-in-suit "issued to" and have always been owned by Plaintiff University of Texas ("UT"), and the UT simply licensed those patents to 3D Systems after it acquired DTM.

2

and administration.² Those principles would be sacrificed if Defendant is permitted to pursue the Claims here, after having already pursued them in the forum it agreed to, and after having received two final and conclusive rejections of the Claims in that forum. Although EOS cites two cases discussing severance of claims for purposes of trial,³ neither of them involves transfer issues that implicate the interests of judicial economy and administration that weigh so heavily in favor of severance of claims belonging in an entirely different court.

Defendant also argues that the California court's refusal to allow Defendant to proceed on the Claims means that severance would be prejudicial to Defendant. (Opp. p. 4.) Yet, Defendant does not dispute that the California court rejected the Claims *on the merits – and twice*. Given that procedural history, the Defendant has no legitimate claim of *prejudice* based on this Court's denial of providing it a third bite at the apple. Any prejudice that the Defendant might be able to articulate is certainly outweighed by the unfair prejudice to 3D Systems from having to defend against these meritless claims a third time (or even having to file this motion). Moreover, Defendant *already has* an adequate remedy to protect its legal rights (however dubious) and prevent any prejudice: It has the right to appeal the California Court's decisions to dismiss. Defendant fails to explain how judicial economy is served by asking this Court to

---

² *See Toro Co. v. Alsop*, 565 F.2d 998, 999-1000 (8th Cir. 1977), *cert. denied*, 435 U.S. 952 (1978); *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968), *cert. denied*, 393 U.S. 977 (1968); *In re Eastern Dist. Repetitive Stress Injury Litig.*, 850 F. Supp. 188, 196 (E.D.N.Y. 1994); *Hess v. Gray*, 85 F.R.D. 15 (N.D. Ill. 1979); *see also* Wright, Miller, & Kane, Federal Practice and Procedure § 1689.

³ Defendant either misreads *Toro Co. v. Alsop*, 565 F.2d 998, 999-1000 (8th Cir. 1977), or intentionally misconstrues it. Defendant claims that the *Toro* court severed a claim "because it had no logical relationship or overlap with the remaining antitrust counts." (Opp. at 5.) However, the severance in *Toro* was made to effectuate transfer, and in order to "conserve judicial resources and would promote judicial administration." *Id.* at 1000-01. Those same factors weigh heavily for severance here.

3

consider Claims it has already raised, has the right to appeal, and which it apparently intends to appeal. (EOS Opp. at 6.) Defendant's pursuit of a forum here is not only wasteful but creates the potential for inconsistent appellate rulings.

In sum, this Court should not, and need not, unnecessarily burden itself with claims that are required to be, and have already been, decided in California.

### C. The First-Filed Rule Requires that the Claims Be Resolved In California.

In trying to avoid the first-filed rule, EOS first tries to argue that the California case is not substantially related to the matters that are before the Court here. (Opp. at 5.) However, Defendant misses the mark. The relevant question is not *the context* in which the Claims were raised, but rather whether *the Claims themselves* are the same. The Claims filed here are virtual verbatim copies of those filed in California, which Defendant does not deny.

Remarkably, Defendant also argues that the first-filed rule does not apply because the California court "never allowed EOS to amend the pleadings in that case to add such claims," and thus they "are not present in the California action." (Opp. at 4.) Of course, they are not present there *now*; the California court ruled twice that the Claims fail as a matter of law. Plainly, Defendant had the opportunity to raise them.

In short, the first-filed rule applies here, and should be applied to prevent Defendant from re-litigating the Claims a third time here.

### D. The Claims Are Governed By a Mandatory Forum-Selection Clause That Designates California as the Only Proper Forum.

Defendant does not dispute (i) the enforceability of the License Agreement's forum-selection clause, (ii) that the clause requires actions based on alleged breaches of the License Agreement to be litigated in California, or (iii) that the Claims are premised upon an alleged breach of the License Agreement. Defendant's only argument is that because it pleaded the Claims as "counterclaims," they do not constitute an "action" that must be filed in California.

4

LAI-2077019v2

This Court should not permit the Defendant to circumvent the plain language of the License Agreement through an "Alice in Wonderland" attempt to make words mean whatever Defendant wants it to mean.

An "action for relief" includes all affirmative claims made by parties, including counterclaims. *Nolan v. Boeing*, 919 F.2d 1058, 1066 (5th Cir. 1990); BLACK'S LAW DICTIONARY 28 (6th ed. 1990). As the Fifth Circuit has observed, an action "includes all claims made by all parties." *Nolan*, 919 F.2d at 1066. Defendant's argument to the contrary is based entirely on a mischaracterization of the definition of "action" in Black's Law Dictionary. (Opp. at 7.) Specifically, Defendant claims that "action" is defined narrowly as "a lawsuit brought in a court or a formal complaint within the jurisdiction of a court of law," and attempts to distinguish this definition from a "counterclaim." (Opp. at 7.) However, Black's also defines "action" to include:

> The legal and formal demand of one's right from another person or party made and insisted on in a court of justice. An ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right [or] the redress or prevention of a wrong. . . . It includes all the formal proceedings in a court of justice attendant upon the demand of a right made by one person of another in such court, including an adjudication upon the right and its enforcement or denial by the court. [¶] *See also* Case . . . Counterclaim . . . Cross-Claim . . . .

BLACK'S LAW DICTIONARY at 28. The Claims were plainly filed here as an "action for relief,"[4] and are thus subject to the forum-selection clause.

---

[4] Even though "counterclaims," they are undoubtedly a "legal and formal demand," an "ordinary proceeding in which one party prosecutes another for the enforcement or protection of a right," and "formal proceedings . . . attendant upon the demand of a right made by one person of another . . . ."

## III. CONCLUSION

The first-filed rule and the License Agreement's forum-selection clause preclude Defendant's attempt to waste this Court's limited resources, ignore the two previous unfavorable rulings from the California Court, create the risk of inconsistent rulings and duplicative appellate proceedings, and force 3D Systems to incur the costs of once again demonstrating the lack of merit in the Claims. 3D Systems respectfully requests that the Court sever the Claims from this action and transfer them to the California action.

Dated: December 8, 2003

*Philip E. Cook, by permission Elizabeth J. Brown Fore*

PHILIP E. COOK (admitted *pro hac vice*)
Calif. State Bar No. 149067
ROBERT W. DICKERSON (admitted *pro hac vice*)
Calif. State Bar No. 89367
JONES DAY
555 West Fifth Street, Suite 4600
Los Angeles, CA 90013-1025
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

ALAN D ALBRIGHT
Federal Bar No. 13048
Texas State Bar No. 00973650
ELIZABETH J. BROWN FORE
Texas State Bar No. 24001795
GRAY, CARY, WARE & FREIDENRICH LLP
1221 South MoPac Expressway, Suite 400
Austin, TX 78746-6875
Telephone: (512) 457-7000
Facsimile: (512) 457-7001

Attorneys for Plaintiffs
BOARD OF REGENTS, THE
UNIVERSITY OF TEXAS SYSTEM,
and 3D SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in the following manner to the following counsel of record on this 8th day of December, 2003.

Thomas H. Watkins                           *Via Certified Mail*
Albert A. Carrion, Jr.
HILGERS & WATKINS P.C.
98 San Jacinto Boulevard
San Jacinto Center, Suite 1300
Austin, Texas 78701
(512)476-4716
(512) 476-5139 Facsimile

Michael H. Baniak                           *Via Federal Express*
Michael D. Gannon
BANIAK PIKE & GANNON
150 N. Wacker Drive, Suite 1200
Chicago, Illinois 60606
(312) 673-0360
(312) 673-0361 Facsimile

Attorneys for Defendant
EOS GMBH ELECTRO OPTICAL SYSTEMS

*[signature]*
ELIZABETH J. BROWN FORE

Gray Cary\AU\4118764.1
2502557-1